IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN P. BURKE,**

    **Plaintiff,**                   Civil Action 2:21-cv-48

    v.                           **Magistrate Judge Elizabeth P. Deavers**

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

Plaintiff Kevin Burke filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 7, 2021, naming as Defendants the Ohio Department of Rehabilitation and Correction ("ODRC"), Warden Emma Collins, and Director Annette Chambers-Smith. (ECF No. 1.) On July 2, 2021, Plaintiff filed an Amended Complaint (ECF No. 13) setting forth additional claims pursuant to § 1983 as well as a claim under 42 U.S.C.§ 1985 and naming as additional Defendants Christopher Lambert ("Lambert"), Roger Wilson (Wilson"), Global Tel*Link Corporation ("GTL"), and John Doe Employees of GTL.  With the consent of all parties to the jurisdiction of the United States Magistrate Judge (ECF No. 28), 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendant GTL's Motion to Dismiss (ECF No. 18), Plaintiff's Memorandum in Opposition (ECF No. 22), and GTL's Reply (ECF No. 23.)  For the following reasons, GTL's Motion (ECF No. 18) is **GRANTED, in part**, and **DENIED, in part.**

## I. BACKGROUND

Plaintiff was employed by ODRC as a Corrections Officer at the Pickaway County Correctional Institution located in Orient, Ohio. (ECF No. 13 at ¶ 5.) Defendant Lambert is the Chief Inspector for ODRC. (*Id.* at ¶ 7.) Defendant Wilson is a Deputy Chief Inspector for ODRC. (*Id.* at ¶ 8.) GTL, a Virginia corporation, provides communications and data services, including the accessing of social media sites for intelligence gathering purposes for ODRC. (*Id.* at ¶¶ 9, 10.)

ODRC has a specific written policy regarding its employees use of social media. (*Id.* at ¶ 22.) Defendant Lambert, prompted by his receipt of an anonymous email, requested that GTL gather "intelligence" regarding "ODRC employees publicly posting racially or politically charged materials on social media." (*Id.* at ¶¶ 40, 41.) On June 19, 2020, ODRC accessed information about Plaintiff and other individuals utilizing GTL as an agent for its access. (*Id.* at ¶ 38.) Specifically, GTL, acting as an agent for, and with ODRC, conducted a warrantless search of the ODRC employees' social media, including Plaintiff's Facebook® Accounts. (*Id.* at ¶ 46.) Both Defendants Lambert and Miller, acting under color of state law, directed GTL to access and seize Plaintiff's private property, specifically information from Plaintiff's Facebook account. (*Id.* at ¶¶ 7, 8.)

ODRC and GTL did not provide Plaintiff notice of this search as required under ODRC's surveillance or subpoena policies. (*Id.* at ¶¶ 47, 49.) Ultimately, Plaintiff was terminated on October 15, 2020, for alleged violations of employee conduct standards (*Id.* at ¶¶ 19-21.)

Plaintiff brings his claims under 42 U.S.C. § 1983 alleging various Constitutional violations. First, Plaintiff asserts that ODRC's social media policy violates his First Amendment rights and his Due Process rights under the Fourteenth Amendment. (Counts I through III.)

Additionally, Plaintiff contends that ODRC violated his Fourth Amendment rights by the unlawful search and seizure of his private property without probable cause. (Count IV.) Similarly, Plaintiff claims that Defendants Lambert, Wilson and GTL violated both his First Amendment and Fourth Amendment rights by the unlawful search and seizure of his private property without probable cause. (Counts V and VI). Finally, Plaintiff claims that Defendants Lambert, Wilson, and John Doe GTL employees conspired to violate his civil rights in violation of 42 U.S.C. § 1985. (Count VII.)

## II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III.     ANALYSIS

Section 1983 provides a remedy for deprivations of rights secured by the Constitution when that deprivation takes place "under color of state law" or by a "state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). GTL argues that Plaintiff's § 1983 claim for violation of his First and Fourth Amendment rights fails to state a claim for relief against GTL because it is not a state actor and did not act under color of state law. (ECF No. 18 at 3-7.) Plaintiff disagrees and contends that he has alleged, in a manner sufficient to survive GTL's Motion to Dismiss, that GTL's actions in accessing his private social media files were taken under color of law.

As GTL acknowledges, "a private actor acts under color of law when its conduct is fairly attributable to the state." *Romanski v. Detroit Ent., L.L.C.,* 428 F.3d 629, 636 (6th Cir. 2005); *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (ECF No. 18 at 3.) "The Supreme Court has set forth three tests to determine whether private conduct may be fairly attributable to the state: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship test*.*" *Nag v. Ohio State University*, No. 2:20-CV-3471, 2021 WL 4306095, at *7 (S.D. Ohio Sept. 22, 2021) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted)).[1]

Plaintiff argues that GTL is liable under the symbiotic relationship or "nexus" test. (ECF No. 22 at 3 "The Defendant's Section 1983 argument fails because Plaintiff can establish a nexus."). Under the symbiotic test, the action of a private party constitutes state action where "there is a sufficiently close nexus between the state and the challenged actions of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007).

To be sure, "[t]here is no 'readily applicable formula' for finding such a close nexus; divining such a close relationship can only be accomplished 'in the framework of the peculiar facts or circumstances present.'" *Wilcher,* 498 F.3d at 520 (quoting *Burton v. Wilmington*

---

[1] GTL, citing *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014), notes an additional test, the entwinement test. GTL is correct that this test has been recognized in this Circuit. *Id.* ("This circuit has recognized as many as four tests to aid courts in determining whether challenged conduct is fairly attributable to the State: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test."); *see also M.S.,* 756 F. App'x at 513 ("There are four tests generally applied to determine whether a private actor can be held liable for acting under color of law in § 1983 claims."). Because Plaintiff does not assert the entwinement test's applicability here, the Court need not address it further.

6

*Parking Auth.,* 365 U.S. 715, 726, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)). Indeed, courts frequently have discussed the idea of a sufficient nexus in terms of "what actions are *not* enough for a private entity to be considered a state actor." *M.S. by Covington v. Hamilton Cty. Dep't of Educ.,* 756 F. App'x 510, 514 (6th Cir. 2018) (citing *Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000)). On this point, in *M.S.* the Sixth Circuit recognized particular conduct found to be insufficient, including: receiving extensive government funding, *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); "mere cooperation" between the entities or "an economic benefit" conferred on a city by a private entity, *Lansing*, 202 F.3d at 831; regular partnership in public service activities, *Marie v. Am. Red Cross*, 771 F.3d 344, 363 (6th Cir. 2014); "extensive state regulation" of the private entity, *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 52 (1999); the "minority presence of public officials on the board of a private entity," *Lansing*, 202 F.3d at 8; and a contractual relationship, even when that contract subjects the private actor to an "extensive and detailed" set of requirements. *Wolotsky v. Huhn*, 960 F.2d 1331, 1336 (6th Cir. 1992). The Sixth Circuit then explained that "[i]nstead, a plaintiff must show that the state 'played a role in the decision' made by the private actor that led to the deprivation of Plaintiffs' rights, either by showing, for example, that the contract necessitated the private actor's decision or that state actors were involved in the decision." *Id.* (quoting *Wolotsky*, 960 F.2d at 1336).

   GTL asserts that Plaintiff's allegations fall far short of his burden here. In GTL's view, Plaintiff's allegations simply describe GTL as a "third-party vendor" or "agent" suggesting, "at best," "mere cooperation." (ECF No. 18 at 5-6.) In its reply, GTL cautions that accepting Plaintiff's minimal allegations as sufficient could lead to § 1983 liability for "every private actor acting as an agent or third-party vendor for a state entity, or otherwise in a contractual

relationship with a state entity." (ECF No. 23 at 3.) A fair reading of the Amended Complaint, however, reveals that GTL characterizes Plaintiff's allegations too narrowly.

Under a more reasonably broad reading of the Amended Complaint, Plaintiff alleges the following. Defendants Lambert and Wilson, in their respective roles as ODRC employees, "directed GTL to access and seize" private information from Plaintiff's private Facebook® account. (ECF No. 13 at ¶¶ 7, 8.) On June 19, 2020, ODRC utilized GTL's services to access Plaintiff's information. (*Id*. at ¶ 38.) Defendant Lambert made the request for "intelligence" to GTL for "ODRC employees publicly posting racially or politically charged materials on social media." (*Id*. at ¶¶ 7, 40.)

Thus, construing the Amended Complaint as true and in the light most favorable to Plaintiff as the Court is required to do, ODRC employees allegedly dictated GTL's actions in obtaining Plaintiff's information. For purposes of pleading, this suggests a sufficiently close nexus between GTL and ODRC so that GTL's conduct relating to accessing Plaintiff's information may fairly be attributed to that of ODRC itself. *M.S.,* 756 F. App'x at 514 ("a plaintiff must show that the state 'played a role in the decision' made by the private actor that led to the deprivation of Plaintiffs' rights, either by showing, for example, … that state actors were involved in the decision."). Accordingly, Plaintiff sufficiently pleads that GTL was acting under the color of state law or was a state actor for purposes of § 1983 through the symbiotic or nexus test.[2]

---

[2] In reaching this conclusion, the Court finds GTL's suggestion that Plaintiff believes discovery should be permitted to allow him to meet his pleading obligations to be meritless. (ECF No. 23 at 4.) Rather, Plaintiff 's discussion (ECF No. 22 at 5) confirms his understanding that, at this stage, "the Court must determine only whether 'the claimant is entitled to offer evidence to support the claims, not whether the plaintiff can ultimately prove the facts alleged." *Strougo v. Tivity Health, Inc.,* No. 3:20-CV-00165, 2021 WL 3209567, at *2 (M.D. Tenn. July 29, 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). (ECF No. 22 at 5 "The full

GTL also has moved to dismiss Plaintiff's § 1985 claim against it citing Plaintiff's insufficient pleading.  In response, Plaintiff concedes that he has failed to adequately plead a § 1985 claim.  To be clear, as the Court understands Plaintiff's § 1985 claim, it is directed, in part, to John Doe GTL employees and not GTL the corporate entity.  (ECF No. 13 at 102 "Defendants Lambert, Wilson and John Doe GTL employees…")  In his very limited discussion, however, Plaintiff does not acknowledge this distinction.  (ECF No. 22 at 6 "Plaintiff concedes the arguments made by the Defendant.")  Under this circumstance and limiting itself to the confines of the current motion, the Court interprets Plaintiff's concession as his agreement that he has not stated a § 1985 claim against GTL.  Accordingly, for this reason, GTL's Motion to Dismiss is **GRANTED** as to Plaintiff's 1985 claim, to the extent it could be construed as having been asserted against GTL as a corporate entity.

## IV.   CONCLUSION

For the reasons set forth above, GTL's Motion to Dismiss (ECF No. 18) is **DENIED, in part,** and **GRANTED, in part**.  The Motion is **DENIED** with respect to Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against GTL (Count VI).  The Motion is **GRANTED** as it relates to any claim brought pursuant to 42 U.S.C. § 1985 against GTL.

**IT IS SO ORDERED.**


**Date:  January 10, 2022**               */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

extent" of GTL's conduct "remains to be fully explored." "It is premature at this stage to conclude that [GTL's conduct] is not attributable to the state.")  The Court, consistent with Plaintiff's understanding of its obligation, has made such a determination here.  Whether Plaintiff can ultimately prove the facts alleged, of course, remains an issue to be addressed as appropriate at a later stage of the proceeding.